FILED

2014 Jul-29  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARCUS F. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 5:12-cv-02207-WMA-TMP |
| | ) | |
| CHERYL PRICE, Warden, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

On June 24, 2014, the magistrate judge filed his Report and Recommendation in the above-styled cause, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254 be denied and dismissed with prejudice, finding that the *habeas* petitioner was untimely filed under 28 U.S.C. § 2244(d).  Marcus F. Miller ("Petitioner") timely filed his objections to the Report and Recommendation, contending that it is not time barred.  (Doc. 30).  Having now carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the Court agrees with Petitioner that the instant *habeas* action is not time barred.  Therefore, the magistrate judge's Report and Recommendation is REJECTED.  Nevertheless, for the reasons expressed herein, the court finds that petitioner is not entitled to *habeas* relief, and his petition is due to be DENIED and DISMISSED WITH PREJUDICE.

## DISCUSSION

**Time Bar**

In his *pro se* petition for writ of *habeas corpus*, the Petitioner challenges the constitutional validity of the sentence he received originally on April 9, 1999, to life without the possibility of parole ("LWOP").  (Doc. 1, p. 2).  Throughout the progression of the action, however, it is clear that the Petitioner actually is attempting to challenge the reinstatement of his LWOP sentence on February 19, 2009.  The conflicting dates present an issue when calculating the one-year time limit provided in AEDPA for filing a *habeas* petition.  The magistrate judge, in his Report and Recommendation, determined that – regardless of which date is used – the Petitioner's action is time-barred under AEDPA's one-year limitations period.  The Petitioner, however, argues in his objections to the Report and Recommendation that the time was miscalculated with regard to the "resentencing" date and that his *habeas* petition filed pursuant to that resentencing was timely.  Even though the court agrees that the instant *habeas* action is not time barred, he is not entitled to relief on the merits of the claim.

An understanding of the court's reasoning requires an unfortunate excursion into the minutae of the state-court procedure in this case.  On April 9, 1999, following a jury trial, Petitioner was convicted in Case No. CC-98-1363 of the offenses of first-degree robbery and first-degree burglary.  Upon proof of three prior felony convictions, the trial court sentenced the Petitioner, pursuant to the Habitual Felony Offender Act, to life imprisonment without

the possibility of parole ("LWOP").  In January 2005, the Petitioner filed a Rule 32 petition in Case No. 86-442, seeking to have one of the prior convictions used to enhance his sentence set aside.  To be clear, the Rule 32 petition was not filed in the LWOP case (CC-98-1363), but in the case in which the allegedly invalid conviction occurred (CC-86-442).  On May 6, 2005, the Madison County Circuit Court granted the Rule 32 petition and vacated the conviction in CC-86-442.  Because that conviction was one of three used to enhance Petitioner's sentence in CC-98-1363 to LWOP, the court allowed him to make an *oral* Rule 32 motion in CC-98-1363 to vacate the LWOP sentence.  That *oral* motion was granted, the court vacated the LWOP sentence, and then immediately resentenced Petitioner to life *with* the possibility of parole.  On the same day, however, following the hearing, the State moved for the circuit court to reconsider and rescind its resentencing order and to reinstate the Petitioner's original LWOP sentence.  In support, the State proffered another valid prior felony conviction to replace the prior conviction that had been vacated.  The court rescinded its order reducing Petitioner's sentence to a life sentence, but it did not rescind the grant of Rule 32 relief in CC-86-442.  This effectively left the Petitioner unsentenced in CC-98-1363 until February 19, 2009, when, in light of the newly proffered felony conviction, the trial court again sentenced Petitioner to life without the possibility of parole.  In an opinion entered on April 20, 2009, the circuit court denied Petitioner's oral Rule 32 petition, concluding that it was proper for the State to substitute another felony conviction for the invalidated one and that Petitioner's reinstated sentence of life without the possibility of

3

parole was proper.  (See Doc. 29, pp. 2-5).  Petitioner them moved the court to alter or amend

its order denying the relief of resentencing to a life sentence, but it was denied.  Petitioner

appealed from the denial of his *oral* Rule 32 motion, but it was affirmed by the Alabama

Court of Criminal Appeals on July 16, 2010.  In doing so, the appellate court agreed with the

trial court that the State can be allowed to substitute a felony conviction for one invalidated

if proper notice is give to the defemdant.  As a result, the court held "the circuit court

properly sentenced Miller to life imprisonment without possibility of parole." (Doc. 6-6,

at 10).  The Alabama Supreme Court denied *certiorari* on October 8, 2010.

Petitioner filed another Rule 32 petition on December 2010, expressly attacking the

February 19, 2009 "resentencing," but that petition was summarily denied and Petitioner

dismissed the appeal from the denial.  He filed yet another Rule 32 challenge to the

resentencing on May 17, 2011, which ultimately was denied by the trial court.  The denial

was affirmed on appeal on April 19, 2013, rehearing was denied, and the Alabama Supreme

Court denied *certiorari* on August 16, 2013. (Doc. 23-3).  The instant *habeas* action was

filed while the appeal of the  May 17 Rule 32 petition was pending.

The petition is not time barred because the May 17, 2011 Rule 32 was a timely,

"properly filed" post-conviction petition that tolled the one-year limitation of § 2244(d).

First, it is clear that in this action Petitioner is challenging his "resentencing" on February 19,

2009.  It is also clear that a "resentencing" is what occurred on that date.  As the Alabama

Court of Criminal Appeals noted in its opinion of April 19, 2013, the state circuit court no

4

longer had jurisdiction over the Rule 32 petition, which had been granted in May 2005. The only thing the court had jurisdiction to do was to resentence the Petitioner after it had vacated the prior LWOP sentence in May 2005. "Clearly then, the February 2009 hearing was a resentencing hearing and not a hearing on Miller's May 2005 oral Rule 32 petition." (Doc. 23-1, p. 2, note 2). Thus, the current sentence under attack by Petitioner is that LWOP sentence imposed on February 19, 2009.

If the procedural history of this case were not confusing enough, it gets even more confusing. What is the "finality date" for purposes of triggering the § 2244(d) one-year limitation for filing a *habeas* challenge to the February 19, 2009, resentencing? The "finality date" usually is the date on which all direct appeals of a conviction or sentence end. Although not free of doubt, the court believes that the Alabama Court of Criminal Appeals treated Petitioner's subsequent appeal as essentially a direct appeal from the April 2009 resentencing. There is no question but that petitioner sought review of the reimposed LWOP sentence; he filed a motion to alter or amend the sentence and then appealed the denial of the motion. The Alabama Court of Criminal Appeals considered his arguments on the merits, concluding in July 2010 that "the circuit court properly sentenced Miller to life imprisonment without possibility of parole." (Doc. 6-6, at 10). Furthermore in a subsequent opinion arising from a subsequent Rule 32 petition, the state appellate court seems to have taken the position that the only thing that was appealable was the resentencing itself, separate and apart from any Rule 32 petition then pending. As quoted above and

explained more fully in footnote 2 of the Court of Criminal Appeals' April 19, 2013 opinion,[1]

the state appellate court believed the resentencing was a separate matter from the Rule 32

petition.  Indeed, the appellate court expressly stated that the trial court had lost jurisdiction

in the Rule 32 matter, yet it properly resentenced Petitioner on February 19, 2009.  For this

reason, the court determines that the "finality date" for triggering the one-year limitation

period under § 2244(d) was ninety days after October 8, 2010 (the date the Alabama Supreme

Court denied *certiorari*), or January 6, 2011, when the time for seeking review in the United

States Supreme Court expired.

Despite this conclusion and the obvious fact that more than one calendar year elapsed

between January 6, 2011, and the filing of this petition on June 16, 2012, statutory tolling of

---

[1]  For ease of reference, footnote 2 in the April 19, 2013, opinion reads as follows:

In its order, the court purported to deny Miller's oral Rule 32 petition requesting resentencing that he had made at the May 2005 hearing.  However, as noted above, the court had previously granted that petition at the May 2005 hearing and resentenced Miller.  Although the court subsequently set aside "its sentencing order and commitment," i.e., its 2005 resentencing, it did not specifically set aside its granting of the oral Rule 32 petition.  Therefore, the court clearly had no jurisdiction, four years later, to alter its previous ruling on the oral Rule 32 petition. *See, e.g., Loggins v. State*, 910 So. 2d 146, 148 (Ala. Crim. App. 2005) (a circuit court retains jurisdiction to modify a judgment, including a judgment on a Rule 32 petition, for only 30 days after the judgment is entered).  Additionally, the court specifically stated at the hearing in February 2009 that the purpose of the hearing was "to determine what [Miller's] sentence will be," asked Miller multiple times if he was ready to be resentenced, and then stated that it was sentencing Miller to life imprisonment without the possibility of parole.  (Record in case no. CR-08-1143, R. 34, 57, 65, and 68.)  Clearly then, the February 2009 hearing was a resentencing hearing and not a hearing on Miller's May 2005 oral Rule 32 petition.

(Doc. 23-1, at 3, fn. 2).

the time limit saves the timeliness of the petition.  Section 2244(d)(2) provides that the time during which a "properly filed" state post-conviction petition is pending is excluded from the calculation of the one-year limitation.  Thus, from the date of the filing of a "properly filed" state post-conviction petition to the date it is finally resolved in state court, the one-year limitation for filing a federal *habeas* petition is tolled.

Petitioner filed his first Rule 32 petition expressly attacking the resentencing on December 22, 2010, at which time direct appeal of Petitioner's resentencing was still pending, the finality date had not yet arrived.  Although that petition was subsequently dismissed on appeal in July 2011, Petioner filed yet another Rule 32 petition on May 17, 2011, which the state courts plainly regarded as "properly filed," even though relief was denied on procedural grounds.[2]  See Doc. 23-1.  Thus, even if the December 2010 petition was not "properly filed," the one-year limitation had not expired at the time the May 2011 petition was filed.  The May 2011 petition and appeal remained pending when this *habeas* action was filed in June 2012.  Accordingly, the one-year limitation was tolled and had not expired before the filing of this action.  The court, therefore, disagrees with the magistrate judge's recommendation that the action be dismissed as time barred.

---

[2]  It appears that at least one of Petitioner's Rule 32 claims – whether the Tennessee conviciton used to replace the vacated conviction for enhancement of his sentence to LWOP was comparable to a felony under Alabama law for purposes of HFOA enhancement – was considered on the merits.  See Doc. 23-1, at 7-10.

Turning to the claims pleaded in his *habeas* petition, the Petitioner advances three arguments – that his sentence exceeded the maximum authorized by law, that it violated double jeopardy, and that it violated his right to due process.[3]  In the Petitioner's objections to the Report and Recommendation he raises several arguments that were not originally stated in his *habeas* petition.  Although the new arguments are not properly before the court, in an abundance of caution, the court will address the new claims along with the Petitioner's original claims.  The Petitioner's arguments, as enumerated in his objections to the Report and Recommendation, are as follows:

    1.  His sentence exceeded the maximum authorized by law;

    2.  The trial court did not have jurisdiction to reinstate his LWOP sentence, and, because his resentencing is a jurisdictional issue, it can be raised at any time;

    3.  Once his sentence had been reduced to life, the trial court lost jurisdiction over the case and did not have jurisdiction to reinstate the original LWOP sentence;

    4.  The reinstatement of his LWOP sentence violated his right to be free from double jeopardy;

    5.  He was acquitted of his LWOP sentence because of procedural faults at his original sentencing;

    6.  He was acquitted of his LWOP sentence when the court determined that one of the prior convictions originally used to support the sentence was insufficient to support a sentence under the Habitual Felony Offenders Act ("HFOA") and subsequently reduced his sentence to life;

---

[3]  The Petitioner filed a motion to amend his *habeas* petition (doc. 19), which the magistrate judge correctly dismissed in his Report and Recommendation as moot.  (Doc. 29, n. 3).

7.   The reinstatement of his LWOP sentence violated his constitutional right to Due Process;

8.  The prosecution failed to prove that the Petitioner had three prior felony offenses to support the reinstatement of his LWOP sentence under the HFOA; and

9.  The reinstatement of his LWOP sentence was based on a statute not in place at the time of his sentencing and, therefore, violated the tenet that "no Ex Post Facto law shall be passed."

None of the Petitioner's claims are cognizable by this court because they are either: (1) state-law claims that do not raise an issue of federal law, (2) are claims that have been declared defaulted by a state court, (3) are claims that have been adjudicated on the merits by a state court and are procedurally barred, or (4) are claims that have not been adjudicated by a state court and still are procedurally barred.

## Matters of State Law

### Sentence Exceeds the Maximum Authorized by Law

The Petitioner argues in claim one that his reinstated LWOP sentence is illegal because it is greater than the maximum authorized by law.  The Petitioner's argument is not cognizable in an action brought pursuant to 28 U.S.C. § 2254.  The claim fails to raise any issue of federal law as is required for the Petitioner to raise the claim in a federal *habeas* petition.  The claim merely pertains to the application of state statutes.  The federal habeas court does not sit as a court of appeals to review any error allegedly committed by the state

courts.  Federal *habeas* relief is available only if the petitioner alleges and proves that his conviction contravenes federal law.  Carrizales v. Wainwright, 669 F.2d 1053 (11th Cir. 1983).  By arguing that Alabama law has been improperly interpreted or applied by Alabama courts, the Petitioner has not asserted the violation of a federal right.

Even assuming that Petitioner intends to state a federal consitutional claim, the LWOP sentence was properly supported under the HFOA.  For the reasons explained below, there was no constitutional error in allowing the prosecution to substitute a newly proffered felony following the invalidation of one it had used to prove the predicates necessary for sentencing enhancement.  Accordingly, the Petitioner's claim is due to be denied and dismissed with prejudice.

### Petitioner's "acquittal"

The Petitioner argues in claims five and six that he was "acquitted" of his LWOP sentence.  He states in claim five that he was "acquitted" of his original LWOP sentence due to procedural faults in the original sentencing.  In claim six he argues that the reduction of his sentence based on the determination that one of the prior felony convictions used to support a sentence under the HFOA was insufficient was commensurate to an acquittal.  The Petitioner does not further elaborate on these claims.  The question of whether a sentence reduction constitutes an "acquittal" from the previous, harsher sentence is not a question of federal law.  The court presumes that the Petitioner raises the argument to bolster his double jeopardy claim.  Petitioner's argument, however, constitutes a question of state court

procedure, and is not properly before this court.  The Petitioner's double jeopardy argument is addressed, *infra*, and claims five and six are due to be denied and dismissed with prejudice.

## Claims Declared Defaulted in State Court

### Lack of Jurisdiction

The Petitioner's jurisdictional argument has two components, the first of which is brought in claim two.  The Petitioner's argument in claim two – that because his sentence was illegal, the circuit court lacked jurisdiction to impose the sentence and, as a jurisdictional matter, the claim can be raised at any time – is procedurally defaulted because it was declared so by an appropriate state court.  The Alabama Court of Criminal Appeals determined:

> Miller next reasserts on appeal the claim from his petition that the trial court lacked jurisdiction to set aside its May 2005 resentencing and to then impose a harsher sentence in February 2009.  Relying on Ex parte Tice, 475 So. 2d 590 (Ala. 1984), Miller argues that "[o]nce a valid sentence has been entered, it cannot, in the absence of fraud or another compelling reason, be altered anytime thereafter so as to increase the severity of the sentence." (Miller's brief, p. 21.)
>
> Although couched in jurisdictional terms, this claim is a constitutional one.  See, e.g., Ex parte Tice, 475 So. 2d at 592, and Hardy v. State, 455 So. 2d 265, 268 (Ala. Crim. App. 1984) (both noting that imposing a harsher sentence upon resentencing may, in certain circumstances, violate a defendant's constitutional rights).  Therefore, it is subject to the preclusions in Rule 32.2.  See Abrams v. State, 978 So. 2d 794, 795 (Ala. Crim. App. 2006) ("A constitutional challenge is nonjurisdictional and therefore subject to the procedural bars set forth in Rule 32, Ala. R. Crim. P.").  In this case, as the State asserted in its response to Miller's petition, this same claim was raised in Miller's December 2010 petition.  Therefore, it is precluded by Rule 32.2(b), which provides, in relevant part, that "[t]he court shall not grant relief

on a successive petition on the same or similar grounds on behalf of the same petitioner.

(Doc. 23-1, p. 7).

The federal courts may not consider a claim set forth in a *habeas* petition when a petitioner has failed to follow the state's procedural rules for raising the claim in the state courts.  The Eleventh Circuit has stated:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted.  Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989), and that bar provides an adequate and independent state ground for denying relief.  See id. at 262, 109 S. Ct. at 1042-43; Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. Ed. 2d 575 (1988).  The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see Presnell v. Kemp, 835 F.2d 1567, 1578-79 (11th Cir. 1988), cert. denied, 488 U.S. 1050, 109 S. Ct. 882, 102 L. Ed. 2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." McCleskey v. Zant, ___ U.S. ___, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991).  Thus, if a claim previously has been presented to a state court in some form, a federal *habeas* court may refuse to hear that claim only if the last state court rendering the judgment "'clearly and expressly' states that

its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308, 317 (1989).

In this case, the Petitioner first raised this particular jurisdictional argument in his December 2010 Rule 32 petition.  That petition was summarily dismissed by the circuit court. The Petitioner appealed the decision.  However, before the Alabama Court of Criminal Appeals entered a judgment on the appeal, the Petitioner filed a motion to dismiss the appeal, which the Alabama Court of Criminal Appeals granted in July 2011.  (Doc. 23-1, pp. 3-4). Because the Petitioner already had raised the jurisdictional question, and it had been fully adjudicated, the Alabama Court of Criminal Appeals determined that the claim was precluded by Rule 32.2(b) as a successive petition.  It is clear from the record that the last state court to review the jurisdictional claim set forth herein "clearly and expressly" stated that its judgment rested on a procedural bar, which was independent and adequate under state law.  See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990).  Accordingly, claim two is due to be denied and dismissed with prejudice.


**Claims Adjudicated on the Merits in State Court**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief on claims that have been adjudicated on the merits in state court only if he shows that the Alabama Court of Criminal Appeals' adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) and (2).  See William v. Taylor, 529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  This standard of review is strict, and federal courts are required to give "greater deference to the determinations made by state courts than they were required to under the previous law."  Verser v. Nelson, 980 F. Supp. 280, 284 (N.D. Ill. 1997)(quoting Spreitzer v. Peters, 114 F.3d 1435, 1441 (7th Cir. 1997)).

The state-court determination of an issue will be sustained under § 2254(d)(1) unless it is "contrary" to clearly established, controlling Supreme Court law or is an "unreasonable application" of that law.  These are two different inquiries, not to be confused.  The Supreme Court has explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  (Emphasis added).

Williams v. Taylor, 529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  A state-court determination is "contrary" to clearly established law in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Id. at 405. Likewise, a state-court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 407; see Putman v. Head, 268 F.3d 1223 (11th Cir. 2001). Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable." The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

The Supreme Court has explained that § 2254(d) requires that decisions by the state courts "be given the benefit of the doubt," and noted that "[r]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law." Holland v. Jackson, 542 U.S. 649, 124 S. Ct. 2736, 2739, 159 L. Ed. 2d 683 (2004). Moreover, federal courts are not permitted to substitute their own judgment for the judgment of the state court.

15

The Eleventh Circuit Court of Appeals has noted that federal *habeas* relief is not available "simply because that court concludes in its independent judgment that the state-court decision applied [the governing legal principle] incorrectly." Ventura v. Attorney General of the State of Florida, 419 F.3d 1269, 1286 (11th Cir. 2005), quoting Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002).  In Woodford, the Supreme Court stated that "[a]n unreasonable application of federal law is different than an incorrect application of federal law." 537 U.S. 24-25.  It has been noted that "[e]ven clear error, standing alone, is not a ground for awarding *habeas* relief" under the "unreasonable application" standard of § 2254(d).  Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005), citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003).

**Lack of Jurisdiction**

The Petitioner expanded upon his jurisdictional argument in claim three by stating that, once his sentence had been reduced from LWOP to life, the trial court lost jurisdiction over the case and, therefore, could not rule on the State's motion for reconsideration of the sentence reduction.  The Alabama Court of Criminal Appeals decided this aspect of Petitioner's jurisdictional argument in its opinion on his appeal of the denial of his motion to alter, amend, or vacate the judgment regarding the conviction "in CC-86-442 [used] to enhance Miller's sentence."  (Doc. 6-6, p. 2).

> Miller argues that the circuit court was without jurisdiction to entertain the State's motion for reconsideration that was filed the same day the circuit court granted Miller relief from his conviction in CC-86-422.  Specifically,

16

Miller contends that the circuit court lost jurisdiction to rule on the State's motion once the court informed Miller of his right to appeal.  In <u>Loggins v. State</u>, 910 So. 2d 146 (Ala. Crim. App. 2005), this court stated:

> "It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered.  <u>See, e.g.</u>, <u>Ex parte Bishop</u>, 883 So. 2d 262, 264 (Ala. Crim. App. 2003) ('According to established precedent, a trial court retains jurisdiction to modify a ruling for 30 days.').  This general rule applies to Rule 32 petitions.  <u>See</u> <u>Henderson v. State</u>, 933 So. 3d 395 (Ala. Crim. App. 2004)."

> The State filed its motion to reconsider on the same day the circuit court granted relief in CC-86-422.  That same day, the circuit court granted the State's motion for reconsideration, rescinded its sentencing order in CC-98-1363, and set the matter for a hearing a week later.  Accordingly, the circuit court had jurisdiction to modify its sentencing order from May 6, 2005.

(Doc. 6-6, pp. 6-7).  This aspect of the Petitioner's jurisdictional argument has been adjudicated on the merits in state court.  Petitioner has not shown that the Alabama Court of Criminal Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law.  Accordingly, the state court's determination is due deference under § 2254(d), and claim three is due to be denied and dismissed with prejudice.

**Double Jeopardy**

The Petitioner argues in claim four that the reinstatement of his LWOP sentence in April 2009 violated his right under the Fifth Amendment to be free from double jeopardy.  Petitioner's claim fails because it is procedurally defaulted.  Miller brought his double jeopardy claim in a motion to alter, amend, or vacate judgment, which was addressed on the merits by the Alabama Court of Criminal Appeals as follows:

17

Miller also argues that the circuit court erred in resentencing him to a sentence of life without parole after it initially reduced his sentence to two concurrent terms of life imprisonment.  Miller alleges that the imposition of his original sentence of life imprisonment without parole constituted an enhancement of his sentence, and thus, violated double jeopardy principles. Miller also argues that the State failed to properly notify him of its intent to seek enhancement pursuant to the HFOA.

In Barr v. State, 4 So. 3d 578 (Ala. Crim. App. 2008), this court addressed a similar situation in which a petitioner sentenced pursuant to the Habitual Felony Offender Act ("HFOA"), § 13A-5-9, Ala. Code 1975, obtained Rule 32 relief from a conviction that was used to enhance his sentence under the HFOA.  In addressing the question whether, during a second sentencing hearing, the State could present evidence of other prior convictions not used to enhance the original sentence or not presented during the first sentencing hearing, this court explained:

"We note that Barr may again be sentenced under the HFOA at the second sentencing hearing if the State gives proper notice to Barr of its intent to invoke the HFOA and of the prior convictions on which it intends to rely.  We note further that the State is not limited at a second sentencing hearing to only the two surviving convictions on which it originally relied, but it may also attempt to prove any additional prior felony convictions of which it is aware.

"'As this Court noted in Clements v. State, 709 So. 2d 1321 (Ala. Crim. App. 1997):

"' "In Nichols v. State, 629 So. 2d 51 (Ala. Cr. App. 1993), this court stated that if resentencing was required, the defendant was entitled to be renotified of the State's intent to proceed under the HFOA and renotified of the convictions it intends to prove.

"' "'To enhance a defendant's sentence under the HFOA, the State must give proper notice of its intent to do so.  The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing.  If, for

whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing.""""

"'" "Nichols v. State, 629 So. 2d 51, 57 (Ala. Cr. App. 1993)(quoting Connolly v. State, 602 So. 2d 452, 455 (Ala. 1992) (some emphasis [in Connolly]; some emphasis [in Clements]))."

"'" "'" "'" The rule is that the state may use, at a second sentencing hearing, convictions other than those used at the first hearing, provided that proper notice has been given prior to both hearings.  Connolly v. State, 602 So. 2d 452 (Ala. 1992); Jackson v. State, 556 So. 2d 758 (Ala. 1990).  See also A.R.Cr.P. 26.6(b)(3)(ii).  "This requires only that the defendant be notified before each sentencing hearing that the HFOA [Habitual Felony Offender Act] will be applied and what convictions the State will attempt to prove."  Connolly v. State, 602 So. 2d at 454 (emphasis added [in Cooper]),'

"'" "Cooper v. State, 632 So. 2d 1342, 1343-44 (Ala. Cr. App. 1993), aff'd 632 So. 2d 1344 (Ala. 1994) ('The record in this case shows that the appellant was not given notice, prior to the third sentencing hearing, of the convictions the state intended to prove.  At the hearing, the appellant made numerous and timely objections to the failure to give notice.')."

"'" 709 So. 2d at 1323.'

"Perry v. State, 861 So. 2d 1, 3-4 (Ala. Crim. App. 2002) (some emphasis added).  Thus, at Barr's second sentencing hearing, provided the State satisfies the notice requirement in Rule 26.6(b)(3)(ii), Ala. R. Crim. P. and its burden of proof in Rule 26.6(b)(3)(iii), Ala. R. Crim. P., the State may seek to enhance Barr's sentence under the HFOA with

> not only the assault and manslaughter convictions which were relied upon at Barr's first sentencing hearing, but also the unlawful-possession-of-a-controlled-substance conviction, which was not relied on at the first sentencing hearing, and with any other prior felony convictions of which it is aware."

4 So. 3d at 582-83.

> Here, the State properly gave Miller notice of its intent to use all the prior convictions of which it was aware in order to enhance his sentence under the HFOA.  The record indicates that the State gave notice of its intent to seek enhancement on May 6, 2005, the same day the circuit court rescinded its sentencing order in CC-98-1363, (C. 23, 26), and the notice was also served on Miller's counsel on May 13, 2005, the day of the sentencing hearing.  (C. 47.)  The circuit court took notice of Miller's two remaining convictions for first-degree receiving stolen property and previously unrecognized convictions for first-degree robbery and first-degree burglary.  Accordingly, the circuit court properly sentenced Miller to life imprisonment without possibility of parole.  See, § 13A-5-9(c)(4), Ala. Code 1975.

(Doc. 6-6, pp. 7-11).  The Petitioner has not shown that the decision is contrary to, or involved an unreasonable application of, clearly established federal law.  Indeed, as the magistrate judge pointed out, the United States Supreme Court has upheld the use of substitute felony convicitons to replace prior convictions vacated in subsequent proceedings. Where the evidence originally offered to support an habitual-offender enhanced sentence was sufficient to do so, the court may later substitute a replacement conviction for one invalidated in subsequent proceedings. See Lockhart v. Nelson, 488 U.S. 33, 42, 109 S. Ct. 285, 291, 102 L. Ed. 2d 265 (1988) ("Had the defendant offered evidence at the sentencing hearing to prove that the conviction had become a nullity by reason of the pardon, the trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior

conviction to support the habitual offender charge."). The resolution of the claim by the state court was not contrary to Supreme Court precedent. Accordingly, count four is due to be denied and dismissed with prejudice.

**Failure to Prove**

In claim eight, the Petitioner argues that the prosecution failed to prove the three prior felony convictions used to reinstate his LWOP sentence. This claim also was adjudicated fully in state court and addressed by the Alabama Court of Criminal Appeals in its opinion affirming the dismissal of the Petitioner's May 2011 Rule 32 petition:

> Last, Miller contends that at the February 2009 resentencing hearing the State failed to prove the existence of three prior felony convictions (Issues V and VI in Miller's brief), and failed to prove that the conduct underlying his prior Tennessee conviction would have constituted a felony if committed in Alabama (Issue VII in Miller's brief). These specific claims, however, were not raised in Miller's petition. It is well settled that "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997). Additionally, these claims are not jurisdictional but are evidentiary challenges to the State's proof and, therefore, cannot be raised for the first time on appeal. See Ex parte Batey, 958 So. 2d 339, 341 (Ala. 2006) ("[T]he failure to prove a prior conviction is not a jurisdictional matter."). Because Miller did not raise these claims in his petition, they are not properly before this Court for review.
>
> We note that with respect to Miller's claim that the State failed to prove that the conduct underlying his prior conviction from Tennessee would have constituted a felony if committed in Alabama, nowhere in his brief does Miller specifically allege that the conduct underlying that conviction would not have, in fact, been a felony if committed in Alabama, a claim that would be jurisdictional. See, e.g., McNeal v. State, 43 So. 2d 628, 629 (Ala. Crim. App. 2008); and Steele v. State, 911 So. 2d 21, 31 (Ala. Crim. App. 2004). His only challenge is that the State failed to prove that the conduct underlying the

conviction would have constituted a felony if committed in Alabama. Nonetheless, out of an abundance of caution, we have thoroughly reviewed the record in case no. CR-08-1143, including the State's proof of the prior Tennessee conviction and it is clear that the conduct underlying Miller's Tennessee conviction would, in fact, have been a felony if committed in Alabama.

The certified copy of Miller's Tennessee conviction states that Miller was indicted for "Attempted Theft over $1000.00," i.e., the attempted theft of property valued at over $1000, and that he was ultimately convicted of "Attempted Theft." (Record in case no. CR-08-1143, C. 66.) No value of property is specifically listed for the conviction. However, the certified copy also reflects that the indicted offense was a Class D felony in Tennessee, and that the offense of which Miller was found guilty was also a Class D felony in Tennessee.

At the time Miller committed the offense of attempted theft in Tennessee in 1994, Tenn. Code Ann. § 39-14-105 provided[3] that the theft of property or services valued at more than $1000 but less than $10,000 was a Class D felony. Thus it is clear that $1000 was the cutoff point between the classes of theft. Because the certified copy of the conviction specifically states that the offense for which Miller was indicted and the offense of which Miller was convicted were both Class D felonies, it is clear to us that Miller was convicted of the offense for which he was indicted – the attempted theft of property valued at over $1000.

Rule 26.6(b)(3)(iv), Ala. R. Crim. P., provides:

"Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law."

On January 1, 1980, § 13A-8-3(1), Ala. Code 1975,[4] provided that "[t]he theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree." Section 13A-8-3(c), Ala. Code 1975, both in 1980 and currently, provides that the attempt to commit a Class B felony is considered a Class C felony. Thus, the attempted theft of property valued at over $1000 would be a Class C felony if committed in Alabama. Clearly then, the conduct underlying Miller's prior Tennessee conviction – the attempted theft of property valued at over $1000 – would have constituted a felony if committed in Alabama and was properly used to enhance Miller's sentence under the HFOA.

_____

[3] That section was amended effective July 1, 2012. See 2012 Tenn. Pub. Acts, c. 1080, § 1.

[4] Section 13A-8-3, Ala. Code 1975, was subsequently amended in 2003 and again in 2006. See Act. No. 2003-355, Ala. Acts 2003 and Act No. 2006-561, Ala. Acts 2006.

This claim that the State failed to prove the prior felonies used for enhancement does not warrant *habeas* relief for several reasons. First, it raises only a state-law claim relating to the evidence necessary to prove the enhancement. Second, it is procedurally defaulted because it was not raised in the appeal immediately following the resentencing. Third, Petitioner has not shown the decision to be contrary to or an unreasonable application of clearly established Supreme Court law. Accordingly claim eight also is due to be denied and dismissed with prejudice.

**Ex Post Facto Law**

In claim nine, the Petitioner alleges that he originally was sentenced under Alabama Code § 13A-5-9(c)(3), but when his sentence was reinstated in 2009, it was based on

Alabama Code § 13A-5-9(c)(4), which did not become effective until 2000. Petitioner argues in his objections to the Report and Recommendation that the use of § 13A-5-9(c)(4) violated the Ex Post Facto Clause of the United States Constitution, rendering his sentence illegal. The Alabama Court of Criminal Appeals addressed the Petitioner's argument as follows:

> As best we can discern, Miller alleged in his May 2011 petition and amendments that the trial court lacked jurisdiction in February 2009 to resentence him to life imprisonment without the possibility of parole and that those sentences exceeded the maximum authorized by law because, he said: (1) the trial court's resentencing was based on § 13A-5-9(c)(4), Ala. Code 1975, which was not in effect at the time he committed the offenses, and, thus, application of that statute violated the Ex Post Facto Clause of the United States Constitution;
>
> . . .
>
> Miller is correct that "the law in effect at the time of the commission of the offense controls the prosecution." Minnifield v. State, 941 So. 2d 1000, 1001 (Ala. Crim. App. 2005). Likewise, "'[a] defendant's sentence is determined by the law in effect at the time of the commission of the offense.'" Nelson v. State, 28 So. 3d 816, 818 (Ala. Crim. App. 2009) (quoting Davis v. State, 571 So. 2d 1287, 1289 (Ala. Crim. App. 1990)). Miller is also correct that at the February 2009 resentencing hearing and in its April 2009 resentencing order, the circuit court relied on § 13A-5-9(c)(4), Ala. Code 1975, in resentencing Miller, noting that § 13A-5-9(c)(4) required sentences of life imprisonment without the possibility of parole because one of Miller's prior convictions had been a Class A felony. However, Miller was originally convicted in 1999 for crimes he committed in 1997. Section 13A-5-9(c)(4) was not added to the Habitual Felony Offender Act ("HFOA") until May 25, 2000, after Miller's offenses occurred. See Act No. 2000-759, Ala. Acts 2000. Therefore, the circuit court erred in relying on § 13A-5-9(c)(4) in resentencing Miller.
>
> This error, however, was harmless under the circumstances in this case. At the 2009 resentencing, Miller was sentenced using three prior felony

convictions.  Before the 2000 amendment to the HFOA, § 13A-5-9(c)(3), Ala. Code 1975, provided:

> "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
>
> ". . . .
>
> "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."

Clearly, Miller's sentences of life imprisonment without the possibility of parole were required by the law in effect at the time he committed the crimes. Therefore, the circuit court's error in relying on current § 13A-5-9(c)(4) instead of former § 13A-5-9(c)(3) had no effect on the sentences Miller received.  Under these circumstances, we conclude that Miller is not entitled to relief on this ground.

(Doc. 23-1, pp. 4, 6-7).

In this case, the Petitioner has not demonstrated that any of the above claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Thus, claims three, four, eight, and nine, as set out above, are due to be denied and dismissed with prejudice.

**Claims Never Raised in State Court**

### Due Process

The Petitioner contends in claim seven that the reinstatement of his LWOP sentence violated his right to procedural due process. This claim, however, is procedurally barred. The Petitioner has not brought a claim in state court alleging a violation of his due process rights. When a *habeas* claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). The Court is not required to dismiss the claims as unexhausted because the defaults are apparent and it would be futile to send the petitioner back to state court only to be faced with them. See Collier v. Jones, 910 F.2d 770 (11th Cir. 1990); Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990). Consequently, under the authority of Teague, the Petitioner is procedurally barred from raising his Due Process claim absent a showing of adequate cause and prejudice for failing to raise the issue on appeal or in a properly filed Rule 32 petition. See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990).

The time for filing a direct appeal has long expired, and the Petitioner cannot bring the claim through a Rule 32 petition because he waived the claim by failing to raise it at trial or in a direct appeal as mandated by Rule 32.2(a)(3) and (5). Accordingly, the claims have not been properly exhausted, and now are procedurally defaulted. If a petitioner has

26

procedurally defaulted on a constitutional claim, he is barred from litigating it in a federal

*habeas corpus* proceeding unless he can show adequate "cause" for and "actual prejudice"

from the default.  Wilson v. Jones, 902 F.2d 923, 25 (11th Cir. 1990); Engle v. Isaac, 456

U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 71, 97

S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  The "cause and prejudice" test of Engle v. Isaac and

Wainwright v. Sykes is in the conjunctive; therefore, the petitioner must prove both cause

and prejudice.  The United States Supreme Court summarized the "cause" standard in the

following manner:

> In Wainwright v. Sykes, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The Sykes Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause-and-prejudice' standard." 433 U.S. at 87. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause.  In Reed v. Ross, 468 U.S. 1 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, id. At 13-14, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." Id. at 14.  The Court later elaborated upon Ross and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." Ibid.  (Citations omitted.)

Amadeo v. Zant, 486 U.S. 214, 221-22, 108 S. Ct. 1771, 100 L. Ed. 2d 249 (1988).

The petitioner also must demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)(emphasis in original). A federal *habeas* court, however, will consider a procedurally defaulted claim in the absence of cause if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." <u>Smith v. Murray</u>, 477 U.S. 527, 537-38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (quoting, respectively, <u>Engle</u>, 456 U.S. at 135, and <u>Murray</u>, 477 U.S. at 496). In the instant action, the Petitioner has not shown "cause and prejudice" excusing the procedural default, nor has he made a showing of factual innocence so that the claims can be considered under the "fundamental miscarriage of justice" exception to procedural default. Accordingly, count seven is due to be denied and dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons set out above, the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be DENIED and DISMISSED WITH PREJUDICE.  A final order will be entered contemporaneously herewith.

DONE this 29th day of July, 2014.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

29